UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM LAYNE ROBERTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MCLEAN COUNTY STATE'S ) <br> ATTORNEY'S OFFICE; DON KNAPP, ) <br> *in his official capacity*; KRISTEN ) <br> ALFERINK, *in her individual capacity*; ) <br> JASON CHAMBERS, *in his individual &* ) <br> *official capacities*; & MCLEAN COUNTY, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-01316 |

# **ORDER**

In preparing for the Final Pretrial Conference currently set for August 17, 2022, it has become painfully apparent to the undersigned that this case is not ready for trial—a troubling fact given this case has been litigated among attorneys and by attorneys for nearly three years.

Illinois state's attorneys and their offices are state—not county—officials and agencies, respectively. This has been the state of the law for over a century. *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369, 549 N.E.2d 1269, 1271 (1990) ("[*Hoyne v. Danisch*, 264 Ill. 467, 470–72, 106 N.E. 341 (1914)] established that State's Attorneys are State officers under the language of the constitution, not, as the court had concluded in [*People v. Williams*, 232 Ill. 519, 521, 83 N.E. 1047 (1908)], county officers."). As a state agency, the McLean County State's Attorney's Office is not a suable entity. *Hall v. Jefferson Cnty. States Att'y Off.*, No. 20-CV-01141, 2021 WL

5834230, at *1 (S.D. Ill. Dec. 9, 2021) (quoting *Garcia v. City of Chi., Ill.*, 24 F. 3d 966, 969 (7th Cir. 1994). Yet, Plaintiff's Amended Complaint asserts claims against McLean County and the McLean County State's Attorney's Office, despite both parties agreeing "The McLean County State's Attorney is a state officer" and citing *Burger v. County of Macon*, 942 F.3d 372 (7th Cir. 2019), a case in which the Seventh Circuit concluded Macon County could not be held liable for claims stemming from the claimant's employment by the Macon County State's Attorney because the State's Attorney was a state, not county, official. (Doc. 77 at 5).

Under Federal Rule of Civil Procedure 11(b)(2), the submission of a pleading constitutes certification that "to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiff's attorney is ordered to show cause explaining why sanctions should not issue for filing and maintaining frivolous claims against McLean County and the McLean County State's Attorney's Office.

Equally disturbing is the County Defendants' neglect of this case. Defendants were also clearly aware of the frivolity of Plaintiff's claims against McLean County and the McLean County State's Attorney's Office, yet they did nothing to rectify the matter. While a defendant's failure to oppose frivolous claims does not constitute a direct violation of Rule 11(b), such conduct nevertheless violates the spirit of the rule. It is the litigants' responsibility to litigate the case and narrow the issues for trial to

those truly contested. That plainly has not occurred here. Indeed, no party moved for summary judgment on *any* issue despite there being multiple issues in the "Contested Issues of Law" section of the proposed pretrial order that the undersigned suspects could have been resolved via summary judgment, even if just partially. Accordingly, the County Defendants' attorneys shall also show cause explaining why they should not be censured for failing to diligently defend this case.

For these reasons, the undersigned is converting the Final Pretrial Conference set for August 17, 2022, into a show cause hearing and status conference. Plaintiff and the County Defendants shall show cause as directed above, and the parties shall be prepared to discuss how to appropriately narrow the issues to be tried before a jury.

IT IS THEREFORE ORDERED that the Final Pretrial Conference set for August 17, 2022, is CONVERTED to a Show Cause Hearing; Plaintiff and the County Defendants SHALL SHOW CAUSE as directed above. All deadlines and hearings, excepting the hearing set for August 17, 2022, are VACATED and will be reset in due course.

SO ORDERED.

Entered this 11th day of August 2022.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
