# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| WILLIAM LAYNE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:19-cv-01316 |
| ) | |
| MCLEAN COUNTY STATE'S ) | |
| ATTORNEY'S OFFICE; DON KNAPP, ) | |
| *in his official capacity*; KRISTEN ) | |
| ALFERINK, *in her individual capacity*; ) | |
| JASON CHAMBERS, *in his individual &* ) | |
| *official capacities*; & MCLEAN COUNTY, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Having ordered Plaintiff's counsel and the County Defendants' counsel to show cause explaining their respective failures to recognize the Amended Complaint asserts claims against improper parties and having heard counsel on the matter, the Court makes the following findings.

Under Federal Rule of Civil Procedure 11(b)(2), the submission of a pleading constitutes certification that "to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." If Rule 11(b)(2) is violated, Rule 11(c) permits the imposition of sanctions. Similarly, the court possesses inherent authority to impose sanctions

against those who abuse the judicial process. *Magnus Elecs., Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 632 (7th Cir. 1989).

Plaintiff asserts claims (Counts III, VI, and VII[1]) against a nonsuable entity: the McLean County State's Attorney's Office, and one claim (Count XI) erroneously seeks indemnification by McLean County. Plaintiff's attorney's explanation for these errors is unacceptable. It is apparent Plaintiff's counsel did not conduct an adequate pre-filing inquiry into Plaintiff's claims, which resulted in Plaintiff's Amended Complaint asserting claims that have no basis in law. *See Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 264–65 (7th Cir. 1999). A brief inquiry into this matter would have yielded very clear, longstanding precedent demonstrating Plaintiff's claims cannot be asserted against these entities. But more concerning is the fact Plaintiff's counsel had direct knowledge of the impropriety, at least with regard to Count XI. Plaintiff and Defendants jointly cited a Seventh Circuit case, *Burger v. County of Macon*, 942 F.3d 372 (7th Cir. 2019), holding a county cannot be held responsible for the employment practices of a state's attorney's office. This case expressly demonstrates the frivolity of Count XI, and the reasoning therein should have prompted Plaintiff's attorney to reconsider the propriety of the claims against the McLean County State's Attorney's Office given its status as a state agency. Because Plaintiff's Amended Complaint and continued advocacy of it constitutes a clear

---

[1] The McLean County State's Attorney's Office, as a state agency, is immune from suit for damages arising under the Illinois Human Rights Act. *See Bundy v. IDOC*, 2022 WL 2829916 (S.D. Ill. 2022; *Watkins v. Off. of State App. Def.*, 2012 IL App (1st) 111756, ¶ 29, 976 N.E.2d 387.

violation of Rule 11(b)(2), sanctions are appropriate not necessarily for the benefit of Plaintiff's counsel but for deterrence purposes and to uphold the standard the Court expects to be met in a federal courtroom.

The Court is equally disturbed by the County Defendants' failure to address this issue. Counsel for the County Defendants likewise ought to have conducted the simple research into the propriety of the named defendants and moved to dismiss the erroneous claims against her clients McLean County and the McLean County State's Attorney's Office, or at the very least, raised the issue in a motion for summary judgment or judgment on the pleadings. The County Defendants' attorney failed to do her due diligence in this case, and her explanation for this neglect is likewise unacceptable.

The representation by the attorneys for Plaintiff and the County Defendants falls far short of what the undersigned expects in a federal courtroom. Had the Court not intervened, legally frivolous claims would have gone to trial, been submitted to a jury, and possibly resulted in an erroneous verdict, which would have opened the door to extensive, unnecessary posttrial proceedings. The lack of diligence by counsel for Plaintiff and the County Defendants evinces a disrespect for the time and resources of everyone involved in this case and the judiciary as a whole.

IT IS THEREFORE ORDERED that Plaintiff's attorney, Jeffrey R. Kulwin, is ordered to pay a penalty into the Court in the amount of $2,000.00 pursuant to Federal Rule of Civil Procedure 11(c). IT IS FURTHER ORDERED that Attorneys

Jeffrey R. Kulwin and Carrie Lee Haas are CENSURED for a lack of due diligence in this case.

SO ORDERED.

Entered this 17th day of August 2022.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
